UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ELLIOT JOSEPH | CIVIL ACTION |
| VERSUS | |
| DANIEL VANNOY | NO.: 16-311-BAJ-RLB |

## RULING AND ORDER

Elliot Joseph, proceeding *pro se*, petitions for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). The State of Louisiana counters that the petition is untimely under the one-year limitation period prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), PUB. L. NO. 104-132, 110 STAT. 1214. The Court agrees and dismisses the petition.

## I. BACKGROUND

Joseph was convicted of the first-degree murder of his three-year-old son. (Doc. 1 at p. 1). He received a sentence of life without parole. (*Id.*).

### A. Direct Appeal

Joseph timely appealed his conviction and sentence to the Louisiana First Circuit Court of Appeal. (*Id.* at p. 2). That court affirmed. *See State v. Joseph*, No. 2005-KA-2169 (La. Ct. App. 1st Cir. 12/28/06) (unpublished). Joseph timely applied for a writ from the Supreme Court of Louisiana. *See State v. Joseph*, 2007-0273 (La. 10/5/07); 964 So. 2d 384 (memorandum opinion). After that court denied his writ

1

application, he applied for reconsideration. *See State v. Joseph*, 2007-0273 (La. 1/25/08); 973 So. 2d 745 (memorandum opinion). The Supreme Court of Louisiana denied reconsideration in a January 25, 2008 order. *Id.* Joseph did not petition the United States Supreme Court for a writ of certiorari. (Doc. 1 at p. 2). So his judgment of conviction became "final" on April 24, 2008—90 days after January 25, 2008. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (holding that 28 U.S.C. § 2244(d)(1)(A) "takes into account the time for filing a certiorari petition in determining the finality of a conviction on direct review").

## B. Post-Conviction Review

Joseph applied to the state trial court for post-conviction relief[1] on December 2, 2008. (Doc. 1-2 at p. 4). That court denied the application on April 1, 2014. (Doc. 1-3 at p. 25). Joseph next applied for a writ from the Louisiana First Circuit Court of Appeal. (*Id.* at p. 50). That court denied the application on August 12, 2014 because it did not comply with filing requirements. (*Id.*). Joseph applied for a writ from the Supreme Court of Louisiana, which denied the application as untimely on December 7, 2015. *See Joseph v. State*, 2015-KH-0845 (La. 12/7/15).

Finally, Joseph filed his § 2254 petition on May 5, 2016. (Doc. 1).

---

[1] The Court assumes, without deciding, that Joseph's December 2, 2008 "letter application" qualifies as an application for post-conviction relief.

2

## II. DISCUSSION

AEDPA requires a § 2254 petitioner to apply for a writ of habeas corpus within one year of the date "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A).[2] To calculate when the one-year limitation period has run, the Court "aggregate[s] the time between (i) the date the petitioner's conviction became 'final' and the date the petitioner filed his state habeas application; and (ii) the date the state habeas process concluded and the date the petitioner filed his federal habeas petition." *Sutton v. Cain*, 722 F.3d 312, 316 n.6 (5th Cir. 2013) (per curiam).

### A. Timeliness

Joseph's judgment of conviction became final on April 24, 2008. *See Ott*, 192 F.3d at 513. He filed his state post-conviction application 222 days later, on December 2, 2008. (Doc. 1-2 at p.4). The one-year limitation period was tolled during the pendency of "properly filed" state post-conviction proceedings.[3] *See* 28 U.S.C. § 2244(d)(2). Those proceedings concluded on December 7, 2015, and the one-year limitation period began to run again.[4] *Id.* Joseph filed his § 2254 petition 150 days later, on May 5, 2016. (Doc. 1). That was too late: by that time, 372 un-tolled days

---

[2] Joseph does not argue that the limitation period should be calculated based on any of the circumstances described in 28 U.S.C. § 2244(d)(1)(B)–(D).

[3] The Court assumes, without deciding, that Joseph's state post-conviction application remained "pending" and "properly filed" from December 2, 2008 to December 7, 2015.

[4] Joseph appears to argue that the one-year limitation period was tolled until March 24, 2016, when the Supreme Court of Louisiana denied an application for a writ of mandamus. *See State ex rel. Joseph v. State*, 2015-1012 (La. 3/24/16); 190 So. 3d 1189 (memorandum opinion). He is mistaken. His mandamus petition did not "seek review" of his judgment of conviction; accordingly, it did not toll the one-year limitation period under 28 U.S.C. § 2244(d)(2). *See Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002).

had elapsed. Because Joseph failed to file his petition within 365 un-tolled days of April 24, 2008, his petition is untimely. *See* 28 U.S.C. § 2244(d)(1)(A).

## B. Equitable Tolling

Joseph requests that the Court equitably toll AEDPA's one-year limitation period. (Doc. 8). He asserts that the State of Louisiana does not uniformly apply "rules and procedures" and that, as a *pro se* litigant, he "will never understand the proceedings." (*Id.* at p. 3).

To obtain the benefit of equitable tolling, Joseph must show that "(1) he pursued habeas relief with 'reasonable diligence,' and (2) some 'extraordinary circumstance' stood in his way and 'prevented' timely filing." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (quoting *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012)).

"The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland v. Florida*, 560 U.S. 631, 653 (2010). "Whether diligence is 'reasonable' is an 'equitable, often fact-intensive inquiry' in which courts are instructed to avoid 'mechanical rules' and instead to 'draw upon decisions made in other similar cases for guidance.'" *Palacios*, 723 F.3d at 605 (quoting *Holland*, 560 U.S. at 650, 654). "[P]etitioners seeking to establish due diligence must exercise diligence even when they receive inadequate legal representation." *Manning*, 688 F.3d at 185.

Joseph has not shown "reasonable diligence." He waited 222 days after the conclusion of direct review to pursue state habeas relief. This lengthy, unexcused

4

delay "weigh[s] heavily" against a finding of reasonable diligence. *Palacios*, 723 F.3d at 608. What is more, his ineffective-assistance-of-counsel arguments are "irrelevant to the tolling decision because a prisoner has no right to counsel during post-conviction proceedings." *United States. v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008) (per curiam) (citing *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002)). And his alleged "lack of legal training, ignorance of the law, and unfamiliarity with the legal process" are insufficient reasons to equitably toll the limitation period. *Petty*, 530 F.3d 366 (citing *Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir. 2000)).

Because Joseph fails to show "reasonable diligence," he is not entitled to equitable tolling. *Palacios*, 723 F.3d at 604. Without the benefit of equitable tolling, Joseph's § 2254 petition is untimely and must be dismissed.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Petition for Writ of Habeas Corpus (Doc. 1)** is **DENIED** and **DISMISSED** with prejudice. A final judgment shall issue in accordance with Federal Rule of Civil Procedure 58.

Baton Rouge, Louisiana, this 22nd day of July, 2019.

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA